UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dominique Lamar Foster,                           Case No. 3:25-cv-02262

        Plaintiff

    v.                                                   ORDER OF DISMISSAL

Putnam County Ohio, et al.,

        Defendants

On October 21, 2025, *pro se* Plaintiff Dominique Lamar Foster filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Putnam County, Ohio; Judge Keith L. Schierloh; Sheriff Brad Nelson; CORSA; and "Does 1-10." (*See* Doc. No. 1).

Plaintiff also filed a self-created application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2). The application in its entirety simply states that "due to financial hardship," Plaintiff cannot afford the costs of these proceedings. (*Id.*). He attached a "Financial Affidavit" to the application in which Plaintiff states that he is unemployed, has no "steady source of income," receives support through "family assistance and minimal resources," does not own "significant assets, savings, or property of substantial value," and cannot pay the filing fee for this action without foregoing food, shelter, or other essentials. (Doc. No. 2-1). Plaintiff signed both the application and the affidavit as "Dominique Lamar Foster, Living Man." (Doc. Nos. 2, 2-1).

Title 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed *in forma pauperis*. But proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401-B/P, 2006 WL

27184, at *1 (W.D. Tenn. Jan. 5, 2006).  "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Here, Plaintiff provided only brief, subjective statements that he is unable to pay the cost of the proceedings.  He has not provided the Court with credible or plausible information regarding his income, expenses, and other factors bearing upon his ability to pay the filing fee.  The Court therefore is unable to fulfill its obligation to assess Plaintiff's indigent status, and his motion to proceed IFP is denied.  *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee) (citing *Flippin*, 107 F. App'x at 521); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding that the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citation omitted).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied, (Doc. No. 2), and this action is dismissed.  Plaintiff may move to reopen this case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen contemporaneous with the payment of the full filing fee.  The Court will not accept any document for filing unless the filing fee is first paid in its entirety.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
